FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 OCT -3 AM 9: 44

CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| WATSON DIXON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CV406-068 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner has filed for relief pursuant to 28 U.S.C. § 2241. Petitioner claims that "he is entitled to reduction, modification, or correction of his sentence." Doc. 1. Because petitioner has not shown that § 2255 is an inadequate or ineffective remedy, the Court finds that his petition should be considered as a successive § 2255 motion. For the following reasons, the Court recommends that this motion be DISMISSED.

### I. BACKGROUND

On December 8, 2000, a grand jury in the Southern District of Georgia charged petitioner with conspiracy to possess with intent to distribute fifty

grams or more of crack cocaine, possession with intent to distribute fifty grams or more of crack cocaine, possession with intent to distribute a quantity of marijuana, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon. CR400-318, doc. 1. Petitioner pleaded guilty to possession with intent to distribute fifty grams or more of crack cocaine (count 1) and possession of a firearm by a convicted felon (count 5). Id at 22. On March 20, 2001, the Court sentenced petitioner to 290 months' imprisonment as to count 1 and 120 months' imprisonment as to count 5, to be served concurrently, followed by five years' supervised release. Id at 25. Petitioner did not appeal.

On March 20, 2002, petitioner filed a motion pursuant to 28 U.S.C. § 2255, which the Court denied on the merits. CV402-066, docs. 43, 55, 60. Petitioner did not appeal. On January 12, 2005, the government filed a motion pursuant to Fed. R. Crim. P. 35(b) for a reduction in sentence based on substantial assistance petitioner provided to the government after his sentence was imposed. CR400-318, doc. 78. On February 9, 2005, the Court entered an order reducing petitioner's sentence on count 1 from 290 to 230

months' imprisonment.[1] Id at 79. Petitioner appealed, claiming that the Court's reduction was inadequate. Id at 81. The Eleventh Circuit dismissed petitioner's appeal. Id at 85.

On March 15, 2006, petitioner filed the instant petition pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner asserts that this Court erred in (1) improperly sentencing him as a career offender; (2) incorrectly computing his total offense level under the Sentencing Guidelines; (3) using the wrong base level offense to calculate his sentence; and (4) enhancing his sentence for possession of a firearm when he was already convicted and sentenced for possession of a firearm by a convicted felon. Id. Petitioner also asserts numerous errors of trial counsel, which he claims amount to ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 688 (1984). Id.

## II. ANALYSIS

Petitioner states that he is not proceeding under § 2255, and he frankly acknowledges that he is foreclosed from bringing a successive §

---

[1] Petitioner requests a sentence reduction pursuant to Rule 35(b). To the extent petitioner's request is a motion for reconsideration, petitioner's motion is DENIED.

2255 motion. Petitioner asserts that he is entitled to bring "his motion under Title 28 U.S.C. § 2241 . . . because he is actually innocent." Doc. 1. Petitioner further alleges that he is permitted to use the "'Safety valve' of § 2255 to file a petition under 2241." Id.

Ordinarily, a collateral attack upon a federal sentence must be brought pursuant to 28 U.S.C. § 2255. An exception to this general rule allows a prisoner to file a § 2241 petition if he can show that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255. Unless petitioner can establish the inadequacy or ineffectiveness of the § 2255 remedy, and thus invoke the savings clause, the petition must be classified as a § 2255 motion. The Eleventh Circuit has held that the savings clause applies when:

> (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion.

4

Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003) (citing Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)).

Here, petitioner has failed to cite to any retroactively applicable Supreme Court decision. Rather, petitioner cites to Bailey v. United States, 516 U.S. 137 (1995), a case decided *before* petitioner's March 20, 2001 conviction. Nor has petitioner satisfied the other elements of the savings clause test. Petitioner has failed to demonstrate that the remedy provided for under § 2255 is in any way inadequate or ineffective; therefore, petitioner's claims do not fall within the savings clause of § 2255.

Because the present petition is a §2255 motion in disguise, and is thus successive, the Court will not consider the motion without authorization from the Eleventh Circuit. According to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Stat. 1214, "before a second or successive application permitted by [§ 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see 28 U.S.C. § 2255 (cross-referencing § 2244 certification requirement).

The Seventh Circuit has held that this provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). The Eleventh Circuit has reached the same result. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (finding district court lacked jurisdiction to consider second § 2254 petition); In re Medina, 109 F.3d 1556 (11th Cir. 1997) (holding district court properly denied successive petition because movant neglected to obtain certificate from federal appellate court authorizing consideration of motion).

Accordingly, the Court recommends that the instant petition be construed as a motion made pursuant to 28 U.S.C. § 2255 and that it be DISMISSED as successive.

**SO REPORTED AND RECOMMENDED** this 2nd day of **October, 2006.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA